1

**P O R T E R | S C O T T**
A PROFESSIONAL CORPORATION

2
David A. Melton, SBN 176340
350 University Avenue, Suite 200

3
Sacramento, California 95825
TEL: 916.929.1481

4
FAX: 916.927.3706

5
dmelton@porterscott.com

6

7
Attorneys for Defendants

8
DICK'S SPORTING GOODS, INC. and THOMAS ZIEBART

9
**UNITED STATES DISTRICT COURT**

10
**EASTERN DISTRICT OF CALIFORNIA**

11
JOSEPH AGUINALDO,

12
                    Plaintiff,

13
        vs.

14
DICK'S SPORTING GOODS, INC.;
THOMAS ZIEBART; and DOES 1 through

15
100, inclusive,

16
                    Defendants.

| | |
|---|---|
| | SACRAMENTO COUNTY SUPERIOR COURT CASE NO: 34-2021-00305547 |
| | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY JURISDICTION)** |

17

18
        **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

19
        PLEASE TAKE NOTICE that Defendants DICK'S SPORTING GOODS, INC. and

20
THOMAS ZIEBART ("Defendants") hereby remove the above-captioned action from the Superior

21
Court of the State of California, Sacramento County, to the United States District Court for the

22
Eastern District of California pursuant to 28 U.S.C. § 1332 and 1441(b).  Defendants' removal of

23
this action is based on the following grounds:

24
        1.        On or about August 9, 2021, Plaintiff JOSEPH AGUINALDO ("Plaintiff") filed an

25
action in the Superior Court of the State of California, County of Sacramento, entitled *Aguinaldo v.*

26
*Dick's Sporting Goods, Inc.*, Case No. 34-2021-00305547, against Defendants DICK'S SPORTING

27
GOODS, INC. and THOMAS ZIEBART, alleging negligence and strict product liability as a result

28
of an accident involving a golf club.

2.    This civil action is currently pending in the Superior Court of the State of California, County of Sacramento.  The only pleading or order filed in Sacramento County of which Defendants are aware is Plaintiff's Complaint (attached hereto as **Exhibit 1**).

3.    This Notice of Removal was filed within thirty days of receipt of Plaintiff's Complaint that identified the grounds for removal and is therefore timely pursuant to 28 U.S.C. § 1446(b).

4.    This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. § 1332, on the basis of diversity of citizenship of the parties, and the action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(b).  Plaintiff is a citizen and resident of the State of California.  Defendant DICK'S SPORTING GOODS, INC. is a corporation incorporated in the State of Pennsylvania.

5.    Defendant THOMAS ZIEBART is a resident of the State of California.  However, Mr. Ziebart's residence should not be considered for the purpose of determining diversity of citizenship in this matter because he is a sham defendant who has been fradulently joined for the sole purpose of defeating diversity jurisdiction.  The Declaration of Thomas Ziebart is attached hereto as **Exhibit 2**.

6.    Although plaintiff as master of the complaint can select the forum in which to bring the action, a plaintiff cannot fraudulently join a resident defendant having no real connection with the controversy to prevent removal.  (Wilson v. Republic Iron & Steel Co. (1921) 257 US 92, 97.) Fraudulent joinder is a term of art that does not reflect on plaintiff or plaintiff's counsel.  (Morris v. Princess Cruises, Inc. (9th Cir 2001) 236 F3d 1061, 1067.)  Rather, fraudulent joinder is the rubric applied when the court determines that plaintiff has not stated a cause of action against a nondiverse defendant, "or in fact no cause of action exists."  If there can be no recovery under state law for the cause of action alleged against the nondiverse defendant or under the facts alleged, the failure is obvious according to the settled rules of the state (Morris v. Princess Cruises, Inc., *supra*), or there is no intention to secure a joint judgment, the joinder is deemed fraudulent (Parks v. New York Times Co. (5th Cir 1962) 308 F2d 474, 478.)  When fraudulent joinder is present, the court may disregard fraudulently joined parties in determining diversity and retain jurisdiction.  (Morris v. Princess Cruises, Inc., *supra*.)

7.      Defendant THOMAS ZIEBART is currently employed as the District Manager for Defendant DICK'S SPORTING GOODS, INC.'s East Los Angeles District.  (See Declaration of Thomas Ziebart ¶ 1, 7.)  Plaintiff's Complaint arises out of a purchase of a Top Flite XL 13-Piece Complete Set from Defendant DICK'S SPORTING GOODS, INC. on April 17, 2019.   (See Plaintiff's Complaint ¶ X.)  On April 17, 2019, Defendant THOMAS ZIEBART was employed as the District Manager for Defendant DICK'S SPORTING GOODS, INC.'s Central Valley District. (See Declaration of Thomas Ziebart ¶ 6.)  He was not involved in the sale of the Top Flite XL 13-Piece Complete Set to Plaintiff and, in his capacity as a District Manager, his duties do not and have never involved anything as it relates to Dick's Sporting Goods, Inc.'s sale of golf clubs, and in particular, Dick's Sporting Goods, Inc.'s sale of the Top Flite XL 13-Piece Complete Set.  (See Declaration of Thomas Ziebart ¶¶ 8-9.)  As a result, Defendant THOMAS ZIEBART has no real connection to the current lawsuit and there can be no intention of securing a judgment against him and Defendant DICK'S SPORTING GOODS, INC.  Accordingly, his joinder is fraudulent and his residence should be disregarded in determining diversity jurisdiction.

8.      Venue is proper in this District because this District includes Sacramento County, the forum in which the removed action was pending.

9.      Defendants will promptly file a Notice of this Removal with the Clerk of the Sacramento County Superior Court and serve the Notice on all parties who have appeared in the action.

10.      Defendants will provide all adverse parties notice as required under 28 U.S.C. § 1446(d) and file a copy of said notice.

//
//
//
//
//
//
//

11.     This Notice is submitted in accordance with 28 U.S.C. § 1446(a) and is signed pursuant to Federal Rule of Civil Procedure 11.

Dated: October 19, 2021

PORTER SCOTT
A PROFESSIONAL CORPORATION

By _____
            David A. Melton
            Attorney for Defendants
            DICK'S SPORTING GOODS, INC.
            and THOMAS ZIEBART

| CASE NAME: | ***JOSEPH AGUINALDO v. DICK'S SPORTING GOODS, INC., et al.*** |
|---|---|
| **COURT:** | **UNITED STATES DISTRICT COURT-EASTERN DIVISION** |
| **CASE NO.:** | **34-2021-00305547** |

### PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action.  My business address is 350 University Avenue, Suite 200, Sacramento, California 95825.

On the date below, I served the following document:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY JURISDICTION)**

|  |  | |
|---|---|---|
|  | | **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business' practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
|  | | **BY FAX TRANSMISSION:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission, which I printed out, is attached |
|  | **XX** | **BY ELECTRONIC SERVICE**: Only by e-mailing the document(s) to the persons at the e-mail address(es). This is necessitated during the declared National Emergency due to the Coronavirus (Covid-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only, when we return to the office at the conclusion of the national emergency. This is made pursuant to Code Civ. Proc., § 1010.6 as amended per SB 1146, Emergency Rule 12. |

**Addressed as follows:**

Edward P. Dudensing
Jay P. Renneisen
Andrew J. Collins
Thomas A. Reyda
Dudensing Law
1610 R Street, Suite 220
Sacramento, CA 95811
tom@dudensinglaw.com
jay@dudensinglaw.com
ed@dudensinglaw.com
andrew@dudensinglaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at Sacramento, California on October 19, 2021.

Molly A. Flores

**PROOF OF SERVICE**

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA  95825
TEL. 916.929.1481
FAX: 916.927.3706

# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
Superior Court Of California,
Sacramento
08/09/2021
lstewart1
By _____ , Deputy
Case Number:
34-2021-00305547

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DICK'S SPORTING GOODS, INC.; THOMAS ZIEBART; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSEPH AGUINALDO

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* 720 9th Street, Sacramento, CA 95814 | 34-2021-00305547 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edward P. Dudensing, Dudensing Law, 1610 R Street, Suite 220, Sacramento, CA 95811, 916-448-6400

DATE:
*(Fecha)* AUG 0 9 2021

Clerk, by
*(Secretario)* _____ , Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

1  **Edward P. Dudensing (Bar No. 182221)**
**Jay P. Renneisen (Bar No. 173531)**
2  **Andrew J. Collins (Bar No. 309080)**
**Thomas A. Reyda (Bar No. 312632)**
3  *Dudensing Law*
1610 R Street, Suite 220
4  Sacramento, CA 95811
Telephone:  (916) 448-6400
5  Facsimile:  (916) 448-6401

6

7  Attorneys for Plaintiff

FILED
Superior Court Of California,
Sacramento
08/04/2021
Istewart1
By_____ Deputy
Case Number:
**34-2021-00305547**

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                FOR THE COUNTY OF SACRAMENTO

11  | JOSEPH AGUINALDO, | ) Case No. |
12  | | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES** |
13  | | ) **ARISING OUT OF NEGLIGENCE** |
| | ) **AND STRICT PRODUCT LIABILITY** |
14  | vs. | ) |
| | ) 1. **Negligence** |
15  | DICK'S SPORTING GOODS, INC.; | ) 2. **Strict Product Liability** |
| THOMAS ZIEBART; and DOES 1 | ) |
16  | through 100, inclusive, | ) |
17  | Defendants. | ) |
18  | | ) |
19  | | ) |
20  | | ) |
21  | | ) |

22

23

24

25

Plaintiff alleges as follows:

## PARTIES

1.     Plaintiff Joseph Aguinaldo is an individual and is now, and at all times mentioned in this complaint was, a resident of Contra Costa County, California.

2.     Defendant Dick's Sporting Goods, Inc. is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of the State of California.

3.     Defendant Dick's Sporting Goods, Inc. is now, and at all times mentioned in this complaint was, a corporation that conducted business throughout California, including Sacramento County.

4.     Defendant Thomas Ziebart is now, and at all times mentioned in this complaint was the manager of Dick's Sporting Goods, Inc. and a resident of California.

5.     Plaintiff is ignorant of the true names and capacities of those defendants named as Does 1 through 100 (hereafter "Doe Defendants"), and for that reason has sued these defendants by fictitious names.  Plaintiff is informed and believes, and on that basis alleges that each of the fictitiously named Doe Defendants is in some way liable and legally responsible for the damages and injuries set forth in this complaint.  Plaintiff will seek leave of the Court to amend this complaint to identify these Doe Defendants when their identities are determined.

6.     In this complaint, plaintiff refers to Dick's Sporting Goods, Inc.; Thomas Ziebart, and Doe Defendants 1-100 collectively as the "Defendants."  Whenever plaintiff refers to the "Defendants" he is referring to Dick's Sporting Goods, Inc.; Thomas Ziebart,

and Doe Defendants 1-100 as if he had identified each of them individually.  In doing the

things alleged in this complaint, Defendants, and each of them, acted as the agents,

servants, employees and alter egos of their co-defendants.  Defendants, and each of them,

acted within the course and scope of their agency and employment, and acted with the

knowledge, consent and approval of their co-defendants.  Their conduct was approved and

ratified by their co-defendants.

## FACTUAL ALLEGATIONS

7.      Defendants are now, and at all timed mentioned in this complaint were, in

the business of designing, manufacturing, constructing, assembling, inspecting and selling

various types of golf clubs and golf products, including the Top Flite XL 13-Piece

Complete Set (hereafter referred to as Top Flite XL 13-Piece Complete Set or "golf clubs").

8.      Defendants are now, and at all times mentioned in this complaint were, in the

business of inspecting, maintaining, installing, and selling at retail to members of the public

various types of golf clubs and golf products, including the Top Flite XL 13-Piece

Complete Set.

9.      On or about April 17, 2019, plaintiff purchased from defendants a Top Flite

XL 13-Piece Complete Set.

10.     On or about August 17, 2019, plaintiff attempted to use the Top Flite XL

13-Piece Complete Set, at which time it caused the injuries and damages described below.

## COUNT ONE
### [Negligence]

11.     Plaintiff hereby incorporates the allegations asserted in paragraphs 1 through

10 above as though fully set forth at length below.

12.    At all times mentioned in this complaint, defendant Dick's Sporting Goods, Inc. so negligently and carelessly designed, manufactured, constructed, assembled, inspected, and sold the Top Flite XL 13-Piece Complete Set that it was dangerous and unsafe for its intended uses.

13.    At all times mentioned in this complaint, defendant Dick's Sporting Goods, Inc. so negligently and carelessly inspected, maintained and sold Top Flite XL 13-Piece Complete Set that it was dangerous and unsafe for its intended uses.

14.    As a direct and proximate result of the negligence and carelessness of defendants as described above, plaintiff's Top Flite XL 13-Piece Complete Set, purchased by plaintiff, caused him to lose all vision in his eye amongst other injuries.

15.    As a further direct and proximate result of the negligence and carelessness of defendants as described above, plaintiff sustained injuries and damages, including but not limited to: lost wages, future lost wages, pain and suffering, permanent disability in the form of permanent blindness, medical expenses, anxiety, stress and other mental anguish.

### COUNT TWO
### [Strict Products Liability]

16.    Plaintiff hereby incorporates the allegations asserted in paragraphs 1 through 15 above as though set forth fully below.

17.    At all times mentioned in this complaint, the Top Flite XL 13-Piece Complete Set and its component parts were defective as to design, manufacture, and warnings, causing the golf clubs and its component parts to be in a dangerous and defective condition that made them unsafe for their intended use.

18.     As a direct and proximate result of the defective and dangerous condition of the Top Flite XL 13-Piece Complete Set described above, plaintiff's golf clubs purchased by plaintiff caused blindness and other injuries.

19.     As a further direct and proximate result of the defective and dangerous condition of the Top Flite XL 13-Piece Complete Set described above, plaintiff sustained serious injuries and damages, including but not limited to:  lost wages, future lost wages, pain and suffering, permanent disability in the increase in form of blindness, medical expenses, anxiety, stress and other mental anguish.

Wherefore, plaintiff prays for damages as set forth below.

**WHEREFORE,** plaintiff prays for judgment as follows:

1.     For general damages according to proof;

2.     For special damages according to proof;

3.     For costs of suit against all defendants, and

4.     For such other and further relief as the Court deems just and proper.

Dated:  August 4, 2021

*Dudensing Law*

Andrew J. Collins
Attorney for Plaintiffs

**CIV-050**

*- DO NOT FILE WITH THE COURT-*
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*<br>Edward P. Dudensing (SBN 182221)<br>Jay P. Renneisen (SBN 173531)<br>Andrew J. Collins (SBN 309080)/Thomas A. Reyda (SBN 312632)<br>Dudensing Law, 1610 R Street, Suite 220, Sacramento, CA 95811<br>ATTORNEY FOR *(name):* Plaintiff      TELEPHONE NO.:<br>**(916) 448-6400** | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sacramento
STREET ADDRESS: 720 Ninth Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Gordon D. Schaber Branch

PLAINTIFF: Joseph Aguinaldo
DEFENDANT: Dick's Sporting Goods, Inc., et al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>34-2021-00305547 |
|---|---|

To *(name of one defendant only):*  Dick's Sporting Goods, Inc.
Plaintiff *(name of one plaintiff only):* Joseph Aguinaldo
seeks damages in the above-entitled action, as follows:

                                                     AMOUNT

**1. General damages**
  a. [✔] Pain, suffering, and inconvenience ........................................................... $  10,000,000.00
  b. [✔] Emotional distress. ................................................................................. $  3,000,000.00
  c. [ ] Loss of consortium .................................................................................. $ _____
  d. [ ] Loss of sociey and companionship *(wrongful death actions only)* ..................... $ _____
  e. [ ] Other *(specify)* ..................................................................................... $ _____
  f. [ ] Other *(specify)* ..................................................................................... $ _____
  g. [ ] Continued on Attachment 1.g.

**2. Special damages**
  a. [✔] Medical expenses *(to date)* ................................................................... $  500,000.00
  b. [✔] Future medical expenses *(present value)* ............................................... $  5,000,000.00
  c. [✔] Loss of earnings *(to date)* .................................................................... $  50,000.00
  d. [ ] Loss of future earning capacity *(present value)* ........................................ $ _____
  e. [ ] Property damage .................................................................................... $ _____
  f. [ ] Funeral expenses *(wrongful death actions only)* ........................................ $ _____
  g. [ ] Future contributions *(present value) (wrongful death actions only)* ................. $ _____
  h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ...... $ _____
  i. [ ] Other *(specify)* ..................................................................................... $ _____
  j. [ ] Other *(specify)* ..................................................................................... $ _____
  k. [ ] Continued on Attachment 2.k.

**3.** [✔] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $  50,000,000.00
    when pursuing a judgment in the suit filed against you.

Date:  September 16, 2021

Andrew J. Collins
_____
        (TYPE OR PRINT NAME)              ►        _____
                                      (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

                     (Proof of service on reverse)                                Page 1 of 2

**SUPERIOR COURT OF CALIFORNIA**
COUNTY OF SACRAMENTO
SACRAMENTO, CALIFORNIA, 95814
916-874-5522
WWW.SACCOURT.CA.GOV

## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION PACKAGE

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

**What is Alternative Dispute Resolution?**

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences
- Private judging
- Neutral evaluation
- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

**What are the advantages of using ADR?**

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

**Arbitration and Mediation**

Although there are many different types of ADR processes, the types most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.** An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial.


**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference(CMC).

### ADR Procedures for the Sacramento County Superior Court
Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this information package from the Court's Website, http://www.saccourt.ca.gov, or the Superior Court Clerk. Plaintiff is required to include the ADR Information Package when he or she serves the Complaint on the Defendant.

The court's ADR Panel List is available on-line at http://www.saccourt.ca.gov or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

**Mediation.**
All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement. The parties may choose either of the following Mediation choices:

> **Private Mediation.** Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).

> **Court Mediation.** Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List). The court will confirm the selected Mediator and notice parties by mail.

> The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation. Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process; the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

<u>UNLIMITED CIVIL CASES</u>
- A *Stipulation and Order to Mediation – Unlimited Civil Cases,* Form CV\E-MED-179 *(see attached)* may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference.

- If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC. In that event, parties must submit a *Stipulation and Order to Mediation – Unlimited Civil Cases* within 14 calendar days after their CMC.

- A *Mediation Statement* must be filed with the *Case Management Statement.*

<u>LIMITED CIVIL CASES</u>
- Parties may select and conduct voluntary Private Mediation without notification to the Court.

- Parties may stipulate to court mediation by filing a Stipulation and Order to Arbitration/Mediation - Limited Civil Cases form (CV\E-203) at any time after the filing of the Limited Civil Case Status Memorandum form (CV\E-202). This form is located on the court's website at http://www.saccourt.ca.gov. A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum.

**Arbitration**
*UNLIMITED CIVIL CASES*
- Plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration.  Parties will be asked to select an Arbitrator and three alternate Arbitrators from the court's ADR Panel List.  The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

- Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 2, Part 5.  Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826.  Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference.  If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

LIMITED CIVIL CASES
Arbitration may occur in a limited civil case under the following circumstances:
- When all parties stipulate to arbitration pursuant to Code of Civil Procedure section 1141.12.  A stipulation for arbitration shall be filed using the Court's local form, Stipulation and Order to Arbitration/Mediation – Limited Civil Cases form (CV\E-203). A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum form (CV\E-202).

- When plaintiff elects to refer the case to judicial arbitration. A written election by the plaintiff to submit an action or proceeding to arbitration shall be filed using the Court's local form, Limited Civil Case Status Memorandum form (CV\E-202).

**Additional Information**
For additional information regarding the Court's ADR program, please go to the Court's website http://www.saccourt.ca.gov.



**SUPERIOR COURT OF CALIFORNIA**

**County of Sacramento**
720 Ninth Street, Room 102
Sacramento, CA 95814-1311

For Court Use Only

PETITIONER/PLAINTIFF: Joseph Aguinaldo

RESPONDENT/DEFENDANT: Dick's Sporting Goods Inc

| **ORDER RE: DELAY IN SCHEDULING INITIAL CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 34-2021-00305547 |
|---|---|

The Court finds good cause to delay the scheduling of the initial Case Management Conference for this case given the COVID-19 pandemic and its impact on court-wide operations. Among the affected operations is the Court's Case Management Program (CMP). The Court's CMP calendars have been and remain suspended until further notice. After the CMP Departments resume operations, the Court will schedule the initial Case Management Conference in this case and issue a Notice of Case Management Conference and Order to Appear.

The deadline for filing and service of the Case Management Conference Statements will be based upon the date for the initial Case Management Conference once it has been scheduled.

Parties shall continue to accomplish service of all parties named in the action.

Parties shall continue to ensure that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered.

Plaintiff shall serve a copy of this order on any party to the complaint. The cross-complainant shall have the same obligation with respect to the cross-complaint

RICHARD K. SUEYOSHI

Dated: August 4th 2021

Richard K. Sueyoshi, Judge of the Superior Court



# SUPERIOR COURT OF CALIFORNIA
## County of Sacramento
### 720 Ninth Street
### Sacramento, CA  95814-1380
### (916) 874-5522—Website www.saccourt.ca.gov

## Program Case Notice
### Unlimited Civil Case

The Case Management Program (CMP) requires the following timelines to be met in all cases except those that are excluded by California Rule of Court 3.712(b), (c) and (d) and Local Rule 2.46(B), (E) and (F).

| Action | Requirement |
|---|---|
| **Service of Summons** | Summons, complaint and program case notice must be served on all named defendants and proofs of service on those defendants must be filed with the court within **60 days** from the filing of the complaint. |
| | When the complaint is amended to add a new defendant, the added defendant must be served and proofs of service must be filed within **30 days** after the filing of the amended complaint. |
| | A cross-complaint adding a new party must be served and proofs of service must be filed with the court **30 days** from the filing of the cross-complaint. |
| **Statement of Damages** | If a statement of damages pursuant to Section 425.11 of the Code of Civil Procedure or a statement of punitive damages is required, it must be served with the summons and complaint. |
| **Responsive Pleadings** | If a responsive pleading is not served within the time limits and no extension of time has been granted, the plaintiff within **10 days** after the time for service has elapsed must file a request for entry of default. |
| | Parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint. |
| | No extensions of time to respond beyond **105 days** from the filing of the complaint may be given. |
| **Judgment by Default** | When default is entered, the party who requested the entry of default must apply for a default judgment against the defaulting party within **45 days** after entry of default, unless the court has granted an extension of time. |
| **Case Management Statement** | The court will provide a notice of case management conference on the filing parties at the time that the case is filed with the court.  A case management statement shall be filed at least **15 calendar days** prior to the date set for the case management conference. |
| **Mediation Statement** | The Mediation Statement shall be filed concurrently with the Case Management Statement, unless the parties have filed a Stipulation for Alternative Dispute Resolution form with the ADR Administrator at any time up to 15 calendar days prior to the Case Management Conference, as required by Local Rule 2.51(E). |
| **Meet and Confer** | Parties must meet and confer, in person or by telephone as required in California Rules of Court 3.724 at least **30 calendar days** before the case management conference date. |
| **Case Management Conference** | A case management conference is generally held within **180 days** of the filing of the complaint. |

Failure to comply with the program rules may result in the imposition of sanctions or an order to show cause. Please refer to Local Rules Chapter Two – Part 4 for more information.

## NOTE: THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, STATE BAR # AND ADDRESS): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.                     FAX NO. (*Optional*)<br>EMAIL ADDRESS (*Optional*)<br>ATTORNEY FOR (*NAME*): | |

| **Superior Court of California, County of Sacramento**<br>720 Ninth Street, Room 101<br>Sacramento, CA 95814-1380<br>(916) 874-5522—Website www.saccourt.ca.gov | |
|---|---|
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | CASE MANAGEMENT CONFERENCE DATE: |
| **STIPULATION AND ORDER TO MEDIATION – UNLIMITED CIVIL** | CASE NUMBER:<br><br>ASSIGNED DEPT.: |

The parties and their attorneys stipulate that the claims in this action shall be submitted to the following mediation process:

### Type of Mediation (select one):

☐ 1. **Court Mediation.** *Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process: the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.*

☐ 2. **Court Mediation in lieu of previously ordered Arbitration.** *Mediator's on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process: the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.*

☐ 3. **Private Mediation.** *Per Local Rule 2.84 the cost of mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator.*

☐ 4. **Private Mediation in lieu of previously ordered Arbitration.** *Per Local Rule 2.84 the cost of mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator.*

### Neutral

Court Neutral Selected:
(If type of Mediation selected above is option 1 or 2)          Name_____

Alternate Court Neutral Selected:
(If type of Mediation selected above is option 1 or 2)          Name_____

Alternate Court Neutral Selected:
(If type of Mediation selected above is option 1 or 2)          Name_____

Private Neutral Selected:
(If type of Mediation selected above is option 3 or 4)          Name_____

### Other Stipulations

☐ Discovery to remain open 30 days prior to trial.

Additional Stipulations: _____

Stipulation and Order to Mediation – Unlimited Civil

## STIPULATION AND ORDER TO MEDIATION – UNLIMTED CIVIL

PLAINTIFF/PETITIONER: _____     CASE NUMBER: _____

DEFENDANT/RESPONDENT: _____

_____     _____     _____
Name of Party Stipulating            Name of Party or Attorney Executing Stipulation            Signature of Party or Attorney
              Bar # _____
              Address_____
                       _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

_____     _____     _____
Name of Party Stipulating            Name of Party or Attorney Executing Stipulation            Signature of Party or Attorney
              Bar # _____
              Address_____
                       _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

_____     _____     _____
Name of Party Stipulating            Name of Party or Attorney Executing Stipulation            Signature of Party or Attorney
              Bar # _____
              Address_____
                       _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

☐ Additional Signature Page(s) Attached

### ORDER

**The foregoing stipulation having been read and considered, and good cause appearing, now therefore:**

☐ Stipulation and Order to Mediation deferred to Case Management Conference.

☐ The Court orders the parties to enter mediation as stipulated above, pursuant to Chapter Two – Part 5 of the Local Rules.

☐ Previously scheduled Case Management Conference is vacated.

☐ Previous order to Arbitration is vacated and appointment of Arbitrator rescinded.

☐ The case is ordered to the Trial-Setting Process.  The Trial and Settlement Conference dates shall be selected no later than _____.

☐ Trial-Setting Conference is vacated.

☐ Time to Select Trial date and Mandatory Settlement Conference date is extended to _____.

☐ Mediation Status Conference set for: _____   _____   _____
                                        Date                 Time             Department

☐ Stipulation and Order to Mediation denied.

☐ It is further ordered that: _____

_____

Dated: _____     Signed: _____
                                              **Judge of the Superior Court**

**STIPULATION AND ORDER TO MEDIATION**

*(Additional Signature Page)*

PLAINTIFF/PETITIONER: _____     CASE NUMBER: _____

DEFENDANT/RESPONDENT: _____


_____     _____     _____
Name of Party Stipulating          Name of Party or Attorney Executing Stipulation          Signature of Party or Attorney
              Bar # _____
              Address_____
                         _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____


_____     _____     _____
Name of Party Stipulating          Name of Party or Attorney Executing Stipulation          Signature of Party or Attorney
              Bar # _____
              Address_____
                         _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____


_____     _____     _____
Name of Party Stipulating          Name of Party or Attorney Executing Stipulation          Signature of Party or Attorney
              Bar # _____
               Address_____
                         _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____


_____     _____     _____
Name of Party Stipulating          Name of Party or Attorney Executing Stipulation          Signature of Party or Attorney
              Bar # _____
               Address_____
                         _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____


_____     _____     _____
Name of Party Stipulating          Name of Party or Attorney Executing Stipulation          Signature of Party or Attorney
              Bar # _____
               Address_____
                         _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

CV\E–MED–179 (Rev 01.01.14)
Local Form Adopted for Mandatory Use



**Secretary of State**
**Registered Corporate Agent for Service of Process Certificate**
(Registered Corporations ONLY)

**1505**



**FILED**
Secretary of State
State of California
A0852950

Filing Number

02/10/2021

Filing Date

**IMPORTANT — Read Instructions** before completing this form.

**Filing Fee –  $30.00**

**Copy Fees –** First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

**Who Can File?** Any **active** corporation that is registered with the California Secretary of State can file this Form 1505 to become authorized to be a corporate agent for service of process for other business entities that are registered with the Secretary of State. To check the status of your corporation, and to ensure you are entering the **exact** name of the corporation and the **correct** 7-digit Secretary of State file number, go to BusinessSearch.sos.ca.gov.

**This Space For Office Use Only**

1. **Corporate Name**     (Enter the exact name of the corporation as it is recorded with the California Secretary of State.)

CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE

2. **7-Digit Secretary of State Entity Number**

C1592199

3. **Address for Service of Process**    (Enter the **complete** street address in California of the office where any entity that named your corporation as agent for service of process may be served with process.) Do not enter a P.O. Box or "in care of" an individual or entity.

| Street Address  - Do not enter a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 2710 Gateway Oaks Drive, Suite 150N | Sacramento | CA | 95833 |

4. **Authorized Employees**    (Enter the names of all persons employed by your corporation who are authorized to accept delivery of any copy of service of process, at the address entered in Item 3 above, on any entity who has designated your corporation  a as its agent for service of process. **Must enter at least 1 person.** If there are more than 3, **see Instructions**.)

| a. First Name of Authorized Employee | Middle Name | Last Name | Suffix |
|---|---|---|---|
| See attached list | | | |
| b. First Name of Authorized Employee | Middle Name | Last Name | Suffix |
| | | | |
| c. First Name of Authorized Employee | Middle Name | Last Name | Suffix |
| | | | |

5. **Statement of Consent** (Do not alter the Statement of Consent.)

This corporation consents that delivery of a copy of service of process to an authorized employee at the address designated in item 3 shall constitute delivery of any such copy to the corporation, as the agent for service of process.

6. **Read and Sign Below** (**See Instructions**.)  Office or title not required.  Do not use a computer generated signature.)

I am a corporate officer and am authorized to sign on behalf of the corporation.

_____
Signature

Jackie Smetana, Executive Vice President
Type or Print Name

A0852950

Kaitlyn Mannix

Becky DeGeorge

Koy Saechao

Lai Saevang

Nicole Stauss

Kevin Bautista

Trudy Desbiens

Susie Vang

Catherine Webb

Roxie Taylor

Fanny Xiong

Melissa Vang

Dona Niemeyer

Melissa DeKoven

Carolyn Valle

Kaci Ransom

Kan Pen

Kelli Shortte

Annette Kuhlman

Arrielle Garcia

Brejet Stephens

Crystal Chapman

Janette Mcintyre

Jerome Suarez

Jonel Yelverton-

Reis

Kayla Vue

Laurie Tolman

Mindy Fay

Rafael Munoz

Samantha Alterman

Samantha Wiltz

Sherie Hinton

Parid Kurbini

Vivien Mitchell

# EXHIBIT 2

**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
David A. Melton, SBN 176340
Cassandra J. Ninke, SBN 327359
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706
dmelton@porterscott.com
cninke@porterscott.com

Attorneys for Defendants
DICK'S SPORTING GOODS, INC. and THOMAS ZIEBART

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SACRAMENTO

JOSEPH AGUINALDO,

          Plaintiff,

    vs.

DICK'S SPORTING GOODS, INC.;
THOMAS ZIEBART; and DOES 1 through
100, inclusive,

          Defendants.

CASE NO: 34-2021-00305547

**DECLARATION OF THOMAS ZIEBART**

I, THOMAS ZIEBART, declare:

    1.    I am currently employed as the District Manager for Dick's Sporting Goods, Inc.'s East Los Angeles District. If called as a witness, I would competently testify to the following facts, all of which are within my own personal knowledge.

    2.    I started working for Dick's Sporting Goods, Inc. in 2009 as a store manager. From approximately 2009 to 2014, I worked as a store manager at various Dick's Sporting Goods, Inc. retail store locations, including in New York, New Jersey, Connecticut, and California.

    3.    In 2014, I worked as a store manager at the Dick's Sporting Goods, Inc. retail store located in Kansas.

    4.    In 2015, I worked as a store manager at the Dick's Sporting Goods, Inc. retail store

{02526080.DOCX}

1

**DECLARATION OF THOMAS ZIEBART**

1  located in Dublin, California.

2     5.     In 2016, I was promoted first as an interim District Manager and then as a permanent

3  District Manager of the Dick's Sporting Goods, Inc.'s San Francisco District.

4     6.     In 2017, I transferred to become the District Manager of the Dick's Sporting Goods,

5  Inc.'s Central Valley District.

6     7.     On September 15, 2019, I transferred to my current position as the District Manager

7  of the Dick's Sporting Goods, Inc.'s East Los Angeles District.

8     8.     Since 2015, when I promoted to become a District Manager, I have not sold a

9  customer a golf club set. As a result, I would not have been directly involved in the sale of the Top

10  Flite XL 13-Piece Complete Set, which Plaintiff alleges in his Complaint to have purchased from

11  Dick's Sporting Goods, Inc. on April 17, 2019, to Plaintiff.

12     9.     Moreover, in my capacity as a District Manager, my duties do not and have never

13  involved anything as it relates to Dick's Sporting Goods, Inc.'s sale of golf clubs, and in particular,

14  Dick's Sporting Goods, Inc.'s sale of the Top Flite XL 13-Piece Complete Set.

15

16  Executed on October 17, 2021, at Los Angeles, California.

17

18  

19                                   Thomas Ziebart

20

21

22

23

24

25

26

27

28

{02526080.DOCX}                         2
                     **DECLARATION OF THOMAS ZIEBART**