UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JOSEPH AGUINALDO, | No. 2:21-cv-01940-MCE-AC |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| DICK'S SPORTING GOODS, INC., et al., | |
| Defendants. | |

Through this action, Plaintiff Joseph Aguinaldo ("Plaintiff") seeks relief from Defendants Dick's Sporting Goods, Inc. ("Dick's"), and Thomas Ziebart, one of Dick's California District Managers (collectively "Defendants") for injuries Plaintiff sustained using a golf club he purchased at a Dick's location. Plaintiff initiated this action in the Sacramento County Superior Court, and Defendants thereafter removed it here, ostensibly pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332. Presently before the Court is Plaintiff's Motion to Remand. ECF No. 5. For the following reasons, that Motion is DENIED.[1]

///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).

1

## STANDARD

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different States, [or] citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)–(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id. Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

## ANALYSIS

Defendants removed this action to federal court under its diversity jurisdiction on the basis that Defendant Ziebart, who like Plaintiff is domiciled in California, was

///

2

fraudulently joined, destroying diversity.[2]  A fraudulently joined party is ignored for purposes of diversity jurisdiction.  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001); see also Grancare, LLC v. Thrower by and through Mills, 889 F.3d 543, 549 (9th Cir. 2018) (stating that "the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction").  There is a general presumption against fraudulent joinder, and the removing defendant has the burden to prove fraudulent joinder by clear and convincing evidence.  Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007); see Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009) (stating a defendant's burden to establish fraudulent joinder is a "heavy" one).  Joinder will be deemed fraudulent where the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state.  Amarant v. Home Depot U.S.A, Inc., No. 1:13-cv-00245-LJO-SKO, 2013 WL 3146809, at *4 (E.D. Cal. June 18, 2013) (citing Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998)); McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).  Merely showing that an action is likely to be dismissed against that defendant does not demonstrate fraudulent joinder. Diaz v. Allstate Ins. Grp., 185 F.R.D. 581, 586 (C.D. Cal. 1998).  "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so."  Id. (citing Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996)); Hunter, 582 F.3d at 1044 (citing Florence v. Crescent Res., LLC, 484 F.3d 1293, 1299 (11th Cir. 2007)) ("[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary.").

Defendant Ziebart is a district manager for Dick's who oversaw several stores in California's Central Valley at the time Plaintiff purchased the golf club in question.  In his

---

[2] There is no dispute that the amount in controversy is met because Plaintiff seeks to recover well in excess of the jurisdictional minimum.  The parties also agree that Plaintiff and Dick's are diverse.

1  Complaint, Plaintiff seeks to hold Mr. Ziebart liable for his injuries under both negligence
2  and product liability theories.  However, Defendant argues that Plaintiff has not and
3  cannot establish the requisite causation on either claim because despite being uniquely
4  in a position to do so, Plaintiff has never alleged or argued that he purchased the golf
5  club from a store in Mr. Ziebart's territory.  Nor can Plaintiff show that Mr. Ziebart was
6  responsible for store-level decisions (e.g., hiring or purchasing) that would have resulted
7  in the sale of the defective product to Plaintiff.  See Decl. of Thomas Ziebart, ECF No. 9.
8      Defendant's contentions on this point are persuasive.  Most fundamentally,
9  Plaintiff has never even attempted to aver that he purchased the golf club from one of
10 Mr. Ziebart's stores.  Plaintiff, who resides in Contra Costa County and sued Dick's in
11 Sacramento County, could have, and indeed has had ample opportunity to, allege that
12 he purchased the purportedly defective club in the central valley, but despite having had
13 multiple opportunities in his complaint, in his motion to remand, and then in his reply,
14 Plaintiff has offered nothing to connect his purchase to one of Mr. Ziebart's stores.
15      Because Plaintiff has first-hand knowledge regarding where he made his
16 purchase, the only reason the Court can conceive for avoiding stating in his pleading or
17 in a cursory affidavit in support of his motion where exactly Plaintiff purchased his clubs
18 is that Plaintiff did not make that purchase in the Central Valley.  It is dispositive to the
19 Court that Plaintiff has not even tried to show otherwise.  While the burden is on
20 Defendants to show fraudulent joinder, Plaintiff must maintain some responsibility to
21 show that he could plausibly state a claim on an amended pleading.  Because Plaintiff
22 has made no attempt to argue, much less show, that he purchased his clubs in
23 Mr. Ziebart's territory, the only logical conclusion the Court can draw is that Plaintiff did
24 not purchase the clubs in a store overseen by Mr. Ziebart and cannot connect him to the
25 defective product.[3]  The Court thus concludes that Mr. Ziebart was fraudulently joined,
26 and his residency shall be disregarded for purposes of evaluating this Court's

---

[3] Were the Court to hold otherwise, it would be sanctioning gamesmanship by future plaintiffs who could join anyone in any retail management chain, omit factual allegations regarding purchase locations, and avoid removal altogether.

4

jurisdiction.  Plaintiff's Motion is thus DENIED.

## CONCLUSION

For the reasons just stated, Plaintiff's Motion to Remand (ECF No. 5) is DENIED. IT IS SO ORDERED.

Dated:  August 24, 2022

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE