UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH AGUINALDO,<br><br>Plaintiff,<br><br>v.<br><br>DICK'S SPORTING GOODS, INC.; THOMAS ZIEBART; and DOES 1 through100, inclusive,<br><br>Defendants. | No.  2:21-cv-1940 DC AC<br><br><br><br>PROTECTIVE ORDER |

IT IS HEREBY ORDERED that the parties' Stipulated Protective Order (ECF No. 33), is APPROVED and INCORPORATED herein.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal.  Parties are advised that any request to seal documents in this district is governed by E.D. Cal. R. ("Local Rule") 141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made.  Local Rule 141(a).  However, a mere request to seal is not enough under the local rules.  In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth *the statutory or*

*other authority for sealing*, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." Local Rule 141(b) (emphasis added).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir.), cert. denied, 137 S. Ct. 38 (2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, including any disputes regarding inadvertently produced materials under Fed. R. Evid. 502, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an *ex parte* basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation (ECF No. 33) that is in conflict with anything in this order is hereby DISAPPROVED.

IT IS SO ORDERED.

DATED: March 18, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE